IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IUNUSALI MUMINOV | : | |
| | : | |
| Petitioner, | : | 3:26-cv-911 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| WARDEN, FCI LEWISBURG, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

### I.    BACKGROUND

On April 9, 2026, Petitioner Iunusali Muminov ("Petitioner"), a native of Tajikistan and citizen of Russia, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained at the Federal Correctional Institution, Lewisburg within the Middle District of Pennsylvania. Petitioner alleges he has been detained in civil immigration custody since January 16, 2025, and that his detention violates due process. (*Id.* at 4-6).

Respondents claim that the Court should deny the petition pursuant to the first-filed rule or the abuse of the writ doctrine. (Doc. 5). In the alternative, Respondents seek dismissal of the petition because Petitioner "is subject to an administratively final order of removal, effective February 17, 2026, so his immigration detention is mandatory during the 90-day removal period set forth in 8 U.S.C. § 1231(a)." (*Id.* at 2).

On December 23, 2025, while detained in the Western District of Pennsylvania, Petitioner filed a habeas petition in the Middle District of Pennsylvania that was assigned to Judge Munley. *Muminov v. Superintendent Moshannon Valley*, No 3:25-cv-2496. Judge Munley transferred the petition to the Western District pursuant to 28 U.S.C. § 1406(a). That petition remains pending in the Western District. *Muminov v. Superintendent Moshannon Valley*, No. 3:25-cv-569.

On August 2, 2023, Petitioner applied for admission to the United States at a port of entry in San Ysidro, California. (Doc. 5-2). A Notice to Appear was served on Petitioner, charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because, at the time he applied for admission, he lacked valid entry documents. (*Id.* at 5).

On June 18, 2025, an Immigration Judge found Petitioner inadmissible, denied his applications for asylum and withholding of removal, and ordered him removed. (Doc. 5-3). On February 17, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal and denied his motion to remand. (Doc. 5-4). On March 19, 2026, Petitioner filed a Petition for Review with the Third Circuit Court of Appeals, "but no stay of removal was sought or granted." (Doc. 5 at 1) (citing *Muminov v. Att'y General*, No. 26-1600).

## II.   STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004 (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal

district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.   ANALYSIS

Respondents claim the Court should dismiss the petition pursuant to the first-filed rule or the abuse of the writ doctrine. Alternatively, Respondents assert that the Court must dismiss the petition because Petitioner's detention falls within the 90-day removal period provided by 8 U.S.C. § 1231(a) and is thus mandatory. The Court will deny the petition on the alternative grounds raised by Respondents.[1] Although at the time Petitioner filed his first habeas petition that is pending in the Western District, he was detained under 8 U.S.C. § 1225(b)(2), Respondents are now detaining Petitioner under 8 U.S.C. § 1231(a) because he has an administratively final order of removal. Because Petitioner's detention is within

---

[1]   The Court need not address either the first-filed rule or the abuse of the writ doctrine.

the 90-day removal period, his detention is mandatory, and the Court cannot grant him

habeas relief at this time.

Section 1231 provides, in relevant part:

**(a) Detention, release, and removal of aliens ordered removed**
**(1) Removal period**
**(A) In general**
Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
**(B) Beginning of period**
The removal period begins on the latest of the following:
**(i)** The date the order of removal becomes administratively final.
**(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
**(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
**(C) Suspension of period**
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.
**(2) Detention**
**(A) In general**
During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(1)-(a)(2)(A).

4

Under 8 U.S.C. § 1231(a), the Attorney General is required to detain noncitizens subject to a final order of removal throughout the 90-day removal period. "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The removal period begins on the latest of three dates: (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)). "During the removal period, detention is mandatory." *Id.* (citing 8 U.S.C. § 1231(a)(2)).

On March 19, 2026, Petitioner appealed the BIA's decision to the Third Circuit Court of Appeals. *Muminov v. Att'y Gen.*, No. 26-1600. However, Petitioner did not seek a stay of the removal order with the Third Circuit, thus making his order of removal administratively final. 8 U.S.C § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a).[2] Because Petitioner is still within

---

[2]    8 C.F.R. § 1241.1 is entitled "Final order of removal." It provides:

An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
  (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
  (b) Upon waiver of appeal by the respondent;
  (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
  (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
  (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
  (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed

5

the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(B), and the Supreme Court finds that less than six-months of post-removal detention under the statute is presumptively reasonable, the Court cannot grant Petitioner habeas relief at the time.[3]  *See Vargas Chacon v. Rokosky*, 2026 WL 1048383, at *1 (D.N.J. Apr. 17, 2026) ("Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.").  Accordingly, the petition will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a)-(f).

[3]    The Supreme Court has interpreted 8 U.S.C. § 1231(a) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  The Supreme Court found that a detention period of six months was "presumptively reasonable." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*